STATE, on complaint of RYAN, Respondent, vs. RODEN, Appellant.

*September 9—October 8, 1935.*

For the appellant there was a brief by *William F. Schanen* and *Victor Linley*, both of Port Washington, attorneys; and *Schinz, Steinbacher, Sicula & Wedemeyer* of Milwaukee of counsel, and oral argument by *Mr. Linley* and *Mr. Walter Schinz, Jr.*

For the respondent there was a brief by *Corrigan, Backus, Ruppa, Bortin & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

ROSENBERRY, C. J.  The question for decision in this case is, Was there a vacancy in the office of the register. of deeds for the term beginning at noon on January 7, 1935, which could be filled by the appointment made on January 4, 1935?

Sec. 17.03, Stats., provides:

*"Vacancies, how caused.*  Any public office, including offices of cities, villages and school districts, however organized, shall become vacant upon the happening of either of the following events: . . .

"(9) The death or declination in writing of any person elected or appointed to fill a vacancy or for a full term before he qualifies, or his death or such declination before the time

when, by law, he should enter upon the duties of his office to which he was elected or appointed. . . ."

Under the provisions of this section it is plain that there was a vacancy in the office of the register of deeds when Boerner, who was elected to the office in November, 1934, died on December 27, 1934. If the statute is valid and controlling, the judgment in this case should be reversed.

Sec. 4, art. VI, of the Wisconsin constitution provides:

". . . All vacancies shall be filled by appointment, and the person appointed to fill a vacancy shall hold only for the unexpired portion of the term to which he shall be appointed and until his successor shall be elected and qualified."

The relator claims that there is a conflict between the provisions of the statute and sec. 4, art. VI; that sec. 4, art. VI, governs and that no appointment could be made for the term ending January 4, 1937, prior to the time when that term of office had begun or prior to noon on January 7, 1935; that the appointment made by Governor SCHMEDEMAN in this case was not "for the unexpired portion of the term," but for the whole term. It is considered that the position of the relator is well taken.

Sec. 17.03 (9) has been in effect since 1871. Prior to 1882, sec. 4, art. VI, of the constitution, provided:

"Sheriffs . . . registers of deeds . . . shall be chosen by the electors of the respective counties, once in every two years, and as often as vacancies shall happen."

In 1882, sec. 4, art. VI, was amended to read:

". . . Registers of deeds . . . shall be chosen by the electors of the respective counties, once in every two years. . . . All vacancies shall be filled by appointment, and the person appointed to fill a vacancy shall hold only for the unexpired portion of the term to which he shall be appointed and until his successor shall be elected and qualified."

After 1882 vacancies in the office of register of deeds were filled by appointment and not by election. While some

statutory provisions were changed to conform to the amendments of 1882, sec. 17.03 (9) remained unchanged. See sec. 17.07. In 1919, sec. 17.07 became sec. 17.21. It provides:

"17.21   *Vacancies in elective county offices; how filled; term.* Vacancies in elective county offices shall be filled in the manner and for terms as follows:

"(1) . . . In the office of . . . register of deeds . . . by appointment by the governor for the residue of the unexpired term. . . ."

The provision of sec. 17.03 (9) defining what constitutes a vacancy in the office of register of deeds is inconsistent both with the constitution and the amendment of 1919, in that neither the constitution nor sec. 17.21 contemplates an appointment to fill a vacancy in an office, the term of which has not yet begun. If there is a vacancy and it can be filled by appointment before the term begins, then the appointment is for the full term and not for the unexpired portion of the term. The trial court correctly held for these reasons that Governor SCHMEDEMAN had no authority to appoint for the term ending January 4, 1937, and that the relator's motion for judgment upon the pleadings should be granted.

In the briefs it was conceded that there was an appointment for the unexpired portion of the term ending January 7, 1935. It is considered that such concession was ill advised. This court takes judicial notice of the records in the office of the secretary of state showing an appointment to public office. *Ernst v. State,* 181 Wis. 155, 193 N. W. 978. The records in the office of the secretary of state disclose that appointment was made in the following language:

"TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

"KNOW YE, That reposing special trust and confidence in the integrity and ability of Nicholas Henry Roden of Port Washington, Wis., I, ALBERT G. SCHMEDEMAN, Governor of the State of Wisconsin, have appointed and by these pres-

ents do constitute and appoint him as Register of Deeds of Ozaukee County, to succeed O. F. Boerner, deceased.

"And I do hereby authorize and empower him to exercise and fulfill the duties of that trust according to his best discretion, for the term expiring on January 4, 1937, unless the Governor of this State for the time being shall think proper sooner to revoke and determine this Commission."

It is apparent that so much of the language of this document as attempts to do more than to appoint a successor to .O. F. Boerner, deceased, is surplusage. The appointee derives no power or authority to fulfil the duties of the office to which he was appointed from the governor. When he is appointed, his authority and power are derived from the statutes enacted by the legislature, and the governor by his appointment can neither enlarge nor restrict the authority conferred upon him by the legislature. The appointment was for the term expiring on January 4, 1937. There was only one term of office of register of deeds expiring January 4, 1937, and that was the term which would begin on the 7th day of January, 1935. There was therefore no attempt to appoint for the unexpired portion of the term ending January 7, 1935. Had the appointment been for the unexpired portion of the term ending January 7, 1935, the appointee would have, no doubt, under the constitution held· office until his successor was elected and qualified. Not having been appointed for the unexpired portion of the term ending January 7, 1935, his attempted qualification for the unexpired term ending January 7, 1935, was an intrusion into that office and conferred no rights upon him. Therefore he did not hold over under the constitution. Governor SCHMEDEMAN having no authority under the law to appoint for the term ending on the 4th day of January, 1937, when the petitioner, T. D. Ryan, was appointed by Governor LA FOLLETTE on February 5, 1935, his appointment was a valid appointment for the unexpired term ending January 4, 1937.

*By·the·Court.*—Judgment affirmed.

FOWLER, J. (*dissenting*). I cannot agree to the decision of this case. Sec. 4, art. VI, of the Wisconsin constitution, provides that the register of deeds "shall be chosen by the electors of the respective counties once in every two years," and that "all vacancies shall be filled by appointments, and the person appointed to fill a vacancy shall hold only for the unexpired portion of the term to which he shall be appointed and until his successor shall be elected and qualified."

This section fixes the rights of the appointee. No act of the legislature has changed or could change this provision. No act of any governor has changed it or could change it. That a vacancy existed in the office on the death of the incumbent goes irrespective of the general statutes of the legislature on the subject. The legislature has provided that the governor shall appoint a successor when a vacancy occurs, and Governor SCHMEDEMAN appointed the defendant to succeed the deceased register of deeds, and when he made that appointment the appointee was entitled by the constitution to hold the office until his successor "shall be elected and qualified." The word "elected" in this provision means elected by the people or as the first part of sec. 4, art. VI, puts it, "chosen by the electors." By the same section the registers of deeds are "chosen by the electors . . . once in every two years." It seems to me to be beyond question that the word "elected" in that section means "chosen by the electors" at the general election. The constitution formerly provided that county offices, except judicial offices, should be filled by special elections. This was amended to provide, as above stated, in order to do away with special elections for county offices, so the election referred to by sec. 4, art. VI, must be the general election which in the instant case cannot occur until November, 1936.

The opinion of the court hinges the decision upon the words of the commission issued by Governor SCHMEDEMAN "for the term expiring on January 4, 1937." But when the

commission stated that it appointed the defendant to succeed the deceased register of deeds it stated all that it could say. All the rest was covered by sec. 4, art. VI, of the constitution. When the appointment was made, the appointee by the force of the constitutional provision was vested with the office to hold it and serve in it until the very time stated by Governor SCHMEDEMAN in the commission issued to the defendant, and thereafter until the person elected at the 1936 election shall qualify if he does not qualify by the time so stated. As the opinion of the court states: "So much of . . . this document [the commission] as attempts to do more than to appoint a successor to O. F. Boerner, deceased, is surplusage." It was not necessary to say anything about when the defendant's period of service should cease, and anyhow, the time so stated for the end of his service is the time fixed by the constitution and the commission does not purport to fix any other time.

The defendant took his oath of office, qualified and took possession of the office during the unexpired term of his predecessor, and being rightfully in possession of the office he was entitled to hold it as the constitution provides. If under the circumstances the word "term" in the commission signed by Governor SCHMEDEMAN is to be given any significance at all, or to be construed at all, it should be construed as meaning merely the time or period at which the defendant's holding of the office should end, rather than as meaning the official term for which the deceased register of deeds had been elected, that is, the term commencing at noon the first Monday of January, 1935, and ending the first Monday of January, 1937. If the word "term" is so ambiguous as to require construction, it should be so construed as to uphold the executive act, rather than defeat it. The opinion of the court concedes that if the commission of Governor SCHMEDEMAN had merely stated that he appointed the defendant to the vacancy existing in the office, the defendant

would have been entitled by virtue of the appointment to serve until the time stated in the commission signed by him. In the face of this concession, necessarily made, it seems to me that the decision of the court is clearly wrong.

In my opinion there was no vacancy to fill at the time Governor LA·FOLLETTE assumed to fill one, because Governor SCHMEDEMAN had already filled it, and the judgment of the circuit court should be reversed, and the title to the office should be adjudged in the defendant.