[No. 34087.   Department One.   July 5, 1957.]

CHAUNCEY E. JOHNSON, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

E. K. *Marohn*, for appellant.

A. C. *Van Soelen* and C. V. *Hoard*, for respondent.

[1]Reported in 313 P. (2d) 676.

FINLEY, J.—In this action, the plaintiff is seeking pay for overtime work, allegedly performed while he was employed as a sanitation patrolman on the defendant's Cedar River watershed. He alleges that, under the applicable city ordinances, he is entitled to payment for work performed in excess of eight hours per day on a five-day week basis, or in excess of forty hours per week; that he has been paid only a salary of approximately three hundred dollars per month, and that his demands for certification on the payroll for the overtime work and payment therefor have been refused. The defendant's demurrer to the complaint was sustained, and a judgment of dismissal was entered. Plaintiff appeals.

The parties concede that the applicable ordinance of the city of Seattle (*cf.* Ordinance 83600 of the city of Seattle) provides:

"Eight hours shall constitute a day's work for all employees of the City, *except* Policemen, Firemen, Harbormen, Zoo Guards, *Sanitation Patrolmen,* and supervisory and administrative employees, as determined by the head of the department, and none with such exception shall be required or permitted to labor more than eight hours in any one calendar day except in case of extraordinary emergency, caused by fire, flood or danger to life and property, or unless the head of the department, or some person duly authorized by him, deems such work to be urgently necessary and its non-performance will cause loss or damage to the city. No extraordinary emergency shall exist where labor is or can be found available immediately to take the place of labor which has already been employed for eight hours in any one calendar day." (Italics ours.)

Appellant's two assignments of error raise but one question; i.e., whether the ordinance provides for overtime pay for "*Sanitation Patrolmen.*" The ordinance is not exceptionally well drafted: (a) as to form, and (b) as to the choice of language used; nevertheless, its meaning appears to us to be clear and unambiguous. The key to its interpretation and application in the instant case is to be found in the very first portion of the ordinance which provides specifically that "Eight hours shall constitute a day's

work for *all employees* of the City, *except . . . Sanitation Patrolmen, . . .* " (Italics ours.) Thus, appellant is specifically excluded from benefiting from the eight-hour day, forty-hour week provisions of the city ordinances.

Appellant argues that the ordinance involves an arbitrary classification and discriminates unconstitutionally against him. The point is raised for the first time on this appeal, and we will not consider it. *State ex rel. York v. Board of County Com'rs,* 28 Wn. (2d) 891, 184 P. (2d) 577, 172 A. L. R. 1001, and cases cited therein.

The judgment of the trial court is hereby affirmed.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.