[No. 35674. *En Banc.* August 17, 1961.]

JOSEPH GNECCHI, *Plaintiff*, v. THE STATE OF WASHINGTON, *Louise S. Taylor, as Director of Licenses, Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Edward E. Henry, Judge, Respondent.**

*Reported in 364 P. (2d) 225.

*The Attorney General* and *Robert J. Hall, Assistant,* for relator.

*Moschetto & Alfieri,* for respondent.

HUNTER, J.—By writ of certiorari, Louise S. Taylor, the defendant director of licenses of the state of Washington, seeks review of an order of the trial court permanently enjoining her from suspending plaintiff's motor vehicle operator's license.

On May 17, 1960, the defendant (who will be referred to hereafter as the director) entered an order suspending plaintiff's motor vehicle operator's license for a period of sixty days commencing May 19, 1960, pursuant to RCW 46.20.290. Proper notification of the suspension was thereupon made to plaintiff.

On May 26, 1960, plaintiff filed a notice of appeal in the superior court for King county from the order of suspension according to RCW 46.20.340. Plaintiff further filed a motion for and obtained, *ex parte,* a temporary restraining order,

*pendente lite,* and an order directing the director to appear at an appointed time and show cause why a restraining order should not be entered permanently enjoining the director from enforcing the order suspending the operator's license of the plaintiff.

On May 31, 1960, the director filed a motion to quash the temporary restraining order, which was continued until June 20, 1960. At the hearing thereon, it was admitted that the suspension of plaintiff's license by the director was without a hearing. Plaintiff contended, and the court so held, that the provisions of the Washington Administrative Procedure Act, RCW Title 34, apply to the actions of the director in suspending a motor vehicle operator's license, pursuant to the provisions of RCW 46.20.290 through RCW 46.20.410, with which the director had not complied. Subsequently, on July 15, 1960, the trial judge permanently enjoined the director from suspending plaintiff's motor vehicle operator's license.

The director filed an application to this court for a writ of certiorari to review the order of the trial court. Application was granted and the order is now before us for review on the writ.

The only issue raised necessary to the determination of this review is whether the Washington Administrative Procedure Act afforded the plaintiff an administrative hearing prior to the suspension of his license by the director under RCW 46.20.290. The statute provides in part:

"The director may in his sound discretion immediately suspend the vehicle operator's license of any person whenever he has reason to believe: . . .

"(4) That such person is a habitually reckless or negligent operator of a motor vehicle or has committed a serious violation of the motor vehicle laws of this state. . . ."

The Washington Administrative Procedure Act, RCW 34.04.090(1), provides in part:

"In any contested case all parties shall be afforded an opportunity for hearing after reasonable notice. . . ."

RCW 34.04.010(3) defines a "contested case" as

". . . a proceeding before an agency in which the

legal rights, duties, or privileges of specific parties are required *by law or constitutional right* to be determined after an agency hearing." (Italics ours.)

It is not disputed that the act applies to the department of licenses of this state, and that the plaintiff was entitled to a hearing if the suspension of his operator's license by the director under RCW 46.20.290 constituted a "contested case" as defined by RCW 34.04.010(3). This raises two questions in applying the definition to the instant case: Is a hearing required (1) by law, or (2) by reason of the constitutional right of due process under Art. I, § 3, of the Washington state constitution, or the fourteenth amendment to the United States constitution?

In answer to the first question, we find no statute requiring a hearing prior to the suspension of a motor vehicle operator's license by the director under RCW 46.20.290. The pertinent statutes, RCW 46.20.290 through RCW 46-.20.340, do not provide for a hearing but do provide for a *de novo* review of the director's order of suspension by appeal to the superior court.

In answer to the second question, we find no constitutional right, either from Art. I, § 3, of our state constitution or the fourteenth amendment to the United States constitution, which requires a hearing prior to the suspension of a motor vehicle operator's license under RCW 46.20.290. The legislature may, in the reasonable exercise of the police power in the interest of public safety, authorize a state agency to act summarily, provided the party aggrieved has an opportunity to present his case on its merits sometime before the action becomes final. *North American Cold Storage Co. v. Chicago*, 211 U. S. 306, 53 L. Ed. 195, 29 S. Ct. 101 (1908). In *In re Hendrickson*, 12 Wn. (2d) 600, 123 P. (2d) 322 (1942), this court said:

". . . as a general rule, a law which provides that the decision of an administrative board shall be subject to appeal to the courts, where a full [sic] *de novo* hearing is afforded, satisfies the requirements of due process. . . ."

Preventing ". . . a habitually reckless or negligent operator of a motor vehicle . . ." (RCW 46.20-

.290(4)) from driving on public highways is a reasonable exercise of the police power. *Rawson v. Department of Licenses*, 15 Wn. (2d) 364, 130 P. (2d) 876 (1942). Persons aggrieved by a license suspension under RCW 46.20.290 may obtain a fully *de novo* review in superior court under RCW 46.20.340. The requirements of due process were therefore satisfied, and the plaintiff was not entitled to a hearing by reason of any constitutional right prior to the suspension of his license by the director.

■ Respondent's counsel argues the Washington Administrative Procedure Act requires that rules should have been filed by the director defining what constitutes *habitually* reckless or negligent driving; that the director's failure to comply with this requirement would prevent her from acting under RCW 46.20.290 in suspending the plaintiff's motor vehicle operator's license. We disagree. We find no language in the Washington Administrative Procedure Act requiring the adoption of such rules. Whether it is desirable that such action should be taken by the director for a better understanding by the user of the highway as to what constitutes, in the director's discretion, *habitually* reckless or negligent driving, is a legislative question and is not within the province of this court.

■ Respondent's counsel contends, however, that the director has adopted a point system for the purpose of determining when a person's motor vehicle operator's license should be suspended under RCW 46.20.290; and that the failure of the director to file the rules of such system is in violation of the Administrative Procedure Act. Counsel for the director admitted in open court the use of such a system in some respects; however, there is nothing before us as to its mode or extent of operation or how the system is constituted. We may not speculate upon the existence of facts that do not appear in the record. The question is therefore not properly before this court for review.

■ Respondent's counsel further urges in his brief that RCW 46.20.290 is unconstitutional, in that it constitutes an unlawful delegation of legislative power to an administrative agency contrary to the seventh amendment to the

state constitution. We find nothing in the record which indicates that this issue was presented to or considered by the trial court, and therefore, the plaintiff is not entitled to have it considered here. *Johnson v. Seattle*, 50 Wn. (2d) 543, 313 P. (2d) 676 (1957); *State ex rel. York v. Board of County Com'rs*, 28 Wn. (2d) 891, 184 P. (2d) 577, 172 A. L. R. 1001 (1947).

The order of the trial court permanently enjoining the director from suspending the license of the plaintiff is reversed and the case remanded for review on the merits, in accordance with RCW 46.20.340.

FINLEY, C. J., MALLERY, WEAVER, and OTT, JJ., concur.

FINLEY, C. J. (concurring specially)—I have signed the majority opinion because the legal principles emphasized therein appear to be in accord with the letter of the law and, therefore, seem to me to be most persuasive, if not compelling. On the other hand, the views expressed in dissent by Judge Rosellini, in spirit if not law, are certainly consistent with current procedural due process notions of right, fairness, and justice. Although not required to do so by the letter of the law, emphasized under the majority opinion, I am convinced and do not hesitate to say that it would be eminently fair and highly desirable for the director of licenses to conform the procedure epitomized in this case with the views expressed in the dissent by Judge Rosellini.

ROSELLINI, J. (dissenting)—The majority concedes that the relator in open court admitted that it did use a point system for the purpose of determining when an operator's motor vehicle license should be suspended, under RCW 46.20.290, but holds that the court cannot inquire into the existence of facts that do not appear in the record.

It is the function and inherent power of the court (whether it be trial or appellate) to take judicial notice of facts outside the record, provided they meet certain standards. In several cases courts have taken judicial notice of various records in the offices of state government.

*Waldum · v. Lake Superior Terminal & Transfer R. Co.,* 169 Wis. 137, 170 N. W. 729 (1919); *State v. Roden,* 219 Wis. 132, 262 N. W. 629 (1935).

The letters, reports, and records of a department of state are documents and official records which can be judicially noticed. *Carolene Products Co. v. United States,* 323 U. S. 18, 89 L. Ed. 15, 65 S. Ct. 1, 155 A. L. R. 1371; *Adams v. Bolin,* 74 Ariz. 269, 247 P. (2d) 617, 33 A. L. R. (2d) 1102; *Florida Accountants Ass'n v. Dandelake,* (Fla. 1957) 98 So. (2d) 323, 70 A. L. R. (2d) 425; *Southern Cotton Oil Co. v. Anderson,* 80 Fla. 441, 86 So. 629, 16 A. L. R. 255.

The department of licenses for more than a decade has used a point system in evaluating a licensed operator's driving delinquencies for the purpose of determining whether his license should be suspended after a hearing. The following is an official form of the point schedule used by the department:

DEPARTMENT OF LICENSES                                    DRIVERS DIVISION

POINT SCHEDULE

Effective December 15, 1959

Point evaluation will be made for the twenty-four (24) month period immediately preceding. Adults and juveniles will be given the same consideration.

      12 points ................Warning letter
      20 points ................Hearing
      25 points (or more).......Suspension (after hearing)

Warning citations will be assigned *no* points. The following points will be assessed upon conviction and fine or forfeiture of bail, only.

VIOLATION

| CODE | VIOLATION | POINTS |
|---|---|---|
| 01 | Speed—up to 20 mph over limit (Zone under 35) | 6 |
| 02 | Speed—over 20 mph over limit (Zone under 35) | 10 |
| 03 | Speed—up to 20 mph over limit (Zone over 35) | 5 |
| 04 | Speed—over 20 mph over limit (Zone over 35) | 8 |
| 05 | Speed—too fast for conditions | 6 |
| 06 | Speed—School Zone—up to 10 mph over limit | 6 |
| 07 | Speed—School Zone—over 10 mph over limit | 10 |
| 08 | Failure to stop | 6 |
| 09 | Negligent driving reduced from drunken or reckless | 12 |
| 10 | Negligent driving | 10 |
| 11 | Following too closely | 10 |
| 12 | Failure to yield right of way | 10 |

| 13 | Improper turn | 6 |
|---|---|---|
| 14 | Improper passing | 6 |
| 15 | Failure to dim headlights | 5 |
| 16 | Failure to signal for turn or stop | 5 |
| 17 | Hit and run (unattended vehicle) | 10 |
| 18 | Passing stopped school bus | 10 |
| 19 | Impeding traffic by slow speed | 6 |
| 20 | Driving on shoulder | 5 |
| 21 | Improper backing | 5 |
| 22 | Violating license restrictions (Medical, Vision, Equipment*) | 7 |
| 23 | More persons than provided for on motorcycle | 5 |
| 24 | Owner permitting vehicle to be operated illegally | 6 |

*Special vehicle equipment is usually required to compensate for a physical handicap.

The point system is a guide to selection of drivers' records for review by the Driver Improvement Section of the Operators Division.

This schedule is self-explanatory. It is used by the department of licenses as a standard by which RCW 46.20.290 is enforced. If a licensed driver accumulates twelve points, he is sent the following letter of warning:

LOUISE S. TAYLOR
DIRECTOR

ALBERT D. ROSELLINI
GOVERNOR

STATE OF WASHINGTON
DEPARTMENT OF LICENSES
OLYMPIA

DRIVER IMPROVEMENT PROGRAM
CR#

We wish to bring to your attention the record you have established in our Drivers License Division files in order that you may protect your privilege of operating a motor vehicle upon Washington highways.

The following violations have been received and have now become a part of your permanent driving record.

Date    Enforcement Agency    Arrest or Warning    Violation

The Motor Vehicle Law (Chapter 46.20) provides for the suspension or revocation of a license when the person to whom such license has been issued has established a record as a traffic law violator repeater or an accident-prone driver.

Further reports of traffic law violation convictions or accidents may lead to the loss of your driving privileges.

We believe that you can and will correct your driving habits before it becomes necessary to take any further action. We feel that highway safety can best be promoted through a driver improvement program which will prevent traffic law violations and accidents before they happen. This letter, therefore, is intended to caution you to drive more safely. You must obey the speed limit and all signs regulating and directing traffic. It is our sincere hope that you will give us your cooperation. Your efforts as an individual driver are the basis of highway safety.

> Very truly yours,
> DRIVERS LICENSE DIVISION
> /s/ *A. C. Bertocchini,*
> A. C. BERTOCCHINI, Administrator

Upon the accumulation of twenty points, a licensed operator is notified of the time and place for the hearing by the following letter:

LOUISE S. TAYLOR
DIRECTOR

ALBERT D. ROSELLINI
GOVERNOR

STATE OF WASHINGTON
DEPARTMENT OF LICENSES
OLYMPIA

Please refer your reply to the Washington State Patrol office in............................
NOTIFICATION OF HEARING
CR#

A recent review of your driving record, which we maintain in accordance with the law shows a serious accumulation of violations and/or accidents. This situation, if allowed to continue, may result in your becoming involved in an accident of serious nature.

Before we take action toward suspension of your driving privilege, you are directed to appear for a hearing at which time your driving ability will be carefully analyzed. Any apparent weaknesses will be tabulated and the corrective measures outlined for improving your future driving.

This hearing will be held at the Washington State Patrol office in                    on                    between the

hours of         and         and will be conducted by
of the Washington State
Patrol.

We are interested in the promotion of safer driving on our highways and streets and would prefer, under the right circumstances, that you retain your driving privilege. However, failure to appear on the above date without sufficient cause will necessitate prompt action against your driving privilege.

Very truly yours,

OPERATORS LICENSE DIVISION

/s/ <em>A. C. Bertocchini,</em>

A. C. BERTOCCHINI, Administrator

At the hearing pursuant to the letter of notification, a driver's license may be suspended or the hearing officer may grant probation.

It cannot be determined by what standards the department of licenses chooses to grant a hearing to one licensed operator before suspending his license, and to suspend the license of another operator without a hearing. However, it is obvious that the respondent's license was suspended without a hearing, contrary to the department's rules and regulations.

Certain it is, such a system denies to the plaintiff equal protection of the law. Tyranny through an administrative process is not only conceivable, but actual if the rules do not apply equally to everyone similarly situated.

The record of the department, as demonstrated in this opinion, does have rules and regulations by which an operator's license can be suspended. No amount of verbal gymnastics can alter the true essence of the facts. The usual meaning of words can be stretched, contorted, and stood upside down to accomplish the purpose of the user, but the facts still remain that the department of licenses has promulgated rules and regulations to determine the standard by which an operator's license may be suspended. The department grants a hearing to some operators before suspending their license; and in other cases, the driver's license is suspended summarily. To my mind, this is arbi-

trary and capricious action, and the judgment of the trial court should be affirmed.

FOSTER, J., concurs with ROSELLINI, J.

HILL, J. (dissenting)—I dissent. It is conceded that the director of the department of licenses intended to suspend Joseph Gnecchi's motor vehicle operator's license for sixty days without a hearing.

I agree with the majority that in the exercise of the police power the director of licenses should, and does, have the power to suspend, without a hearing, the license of a driver whom the director has reason to believe is a menace to the safety of others on the highway.

If the director erred in such a case, the *de novo* review procedure provides ample protection of all constitutional rights, as the majority opinion points out. If the director did not err, no one has a constitutional right to be a menace to the safety of others on the highway.

I would, however, affirm the trial court in restraining the director from suspending Gnecchi's license, in the present case, because I cannot conceive of a situation where there is a necessity to suspend a license without a hearing if the suspension imposed is for no more than sixty days. What happens to the safety of the public after sixty days? The purpose of such a suspension is primarily punishment, and there is no reason why a hearing should not precede the suspension.

DONWORTH, J., concurs with HILL, J.