STEPHEN SCHOENFELD, Chairman Wisconsin Employment RelationsCommission
You ask whether Commissioner Danae Davis Gordon was properly appointed for the term she is presently serving. If the appointment is not valid, you ask whether that invalidity affects any commission decisions in which Commissioner Davis Gordon participated as a member of a two-one majority. I have concluded that Commissioner Davis Gordon's appointment to the term beginning on March 1, 1985, was not valid but that her acts as a commissioner are legally valid and not subject to collateral attack.
Commissioner Davis Gordon was nominated by the Governor and, on May 24, 1984, appointed by the senate "to serve for the term ending March 1, 1985, and to a subsequent term ending March 1, 1991." The question is whether on these facts the Governor can nominate and the senate appoint a commissioner for a term which has not yet begun. Section 17.20 (2), Stats., governs the procedure for filling vacancies on commissions. It provides:
 Vacancies occurring in the office of any officer normally nominated by the governor, and with the advice and consent of the senate appointed, may be filled by a provisional appointment by the governor for the residue of the unexpired term, if any, subject to confirmation by the senate. Any such appointment shall be in full force until acted upon by the senate, and when confirmed by the senate shall continue for the residue of the unexpired term, if any, or until a successor is chosen and qualifies.
It is agreed that there was a vacancy on the commission for the term which ended March 1, 1985. That portion of Commissioner Davis Gordon's appointment and confirmation is not in question. *Page 273 
The question is whether on May 24, 1984, the then Governor could nominate and the then senate appoint Commissioner Davis Gordon for the term beginning on March 1, 1985, and ending on March 1, 1991.
In State v. Roden, 219 Wis. 132, 262 N.W. 629 (1935), the incumbent Governor on January 4, 1935, appointed a register of deeds to succeed a deceased incumbent "for the term expiring on January 4, 1937." The deceased incumbent's term expired on January 7, 1935, but he had been re-elected to office for the term which would have ended in January 1937. At the time, section17.21 provided that vacancies in elective county offices would be filled "[i]n the office of . . . register of deeds . . . by appointment by the governor . . . for the residue of the unexpired term." The court held that section 17.21 did not contemplate an appointment to fill a vacancy in an office, the term of which had not yet begun.
The words in present day section 17.20 (2) are identical to the words construed in Roden. The appointment on May 24, 1984, was for the residue of the unexpired term, that is until March 1, 1985. As the court noted, however, "if there is a vacancy and it can be filled by appointment before the term begins, then the appointment is for the full term and not for the unexpired portion of the term." Roden, 219 Wis. at 135. The court held that the Governor on January 4, 1935, could only appoint for the unexpired portion of the term ending January 7, 1935, because there was no "vacancy" for the term which would begin January 7, 1935, and end in January 1937.
That is also the case here. The vacancy for the term ending March 1, 1985, could be filled by appointment and confirmation under section 17.20 (2). There was no vacancy for the term beginning March 1, 1985, and ending March 1, 1991, on May 24, 1984, however. That appointment, like the appointment in Roden, is for the full term. The appointment for the term beginning March 1, 1985, therefore, should have been made under section15.06 (1)(a) which provides: "Except as otherwise provided . . . the members of commissions shall be nominated by the governor, and with the advice and consent of the senate appointed, for staggered 6-year terms expiring on March 1 of the odd-numbered years."
On its face, the statute does not prohibit a governor from nominating, and a senate appointing, for terms beginning well beyond *Page 274 
their respective terms. That prohibition is implicit in the statute and the appointment power, however. If governors were allowed to nominate and senates allowed to appoint for anticipated vacancies in terms which had not yet begun, a governor with a cooperative senate could presume to fill vacancies in appointive offices occurring many years past the end of his or her term and well past the end of the senate's session and the next election. In the present case there is no question concerning the Governor's authority to appoint because Anthony Earl was governor both on May 24, 1984, and March 1, 1985. The 1985-86 session of the Legislature, however, began on January 15, 1985. Sec. 13.02 (1), Stats. Therefore, the senate which confirmed Commissioner Davis Gordon on May 24, 1984, would not have been eligible to entertain an appointment for the term beginning March 1, 1985, since there was no vacancy in that term on May 24, 1984.
Our Legislature has one biennial session. State ex rel.Sullivan v. Dammann, 221 Wis. 551, 562, 267 N.W. 433 (1936). That session begins in January of each odd-numbered year. Sec. 13.02
(1), Stats. Under section 13.02 (4), any measures introduced in the regular session of the odd-numbered year which do not receive final action carry over to the regular annual session held in the even-numbered year. This is a legislative recognition that the Legislature's business does not carry over from one biennial session to another. The senate which began its session on January 15, 1985, is the senate which had the right to pass on the appointment of Commissioner Davis Gordon for the term beginning March 1, 1985, and ending March 1, 1991. The preceding session of the senate did not have that authority. Its attempt to appoint was not valid.
This conclusion is consistent with the holding in Roden and with the general proposition that a prospective appointment to fill a vacancy sure to occur in a public office is a valid appointment and vests title to the office in the appointee if made by an officer who, or by a body which, is empowered to fill the vacancy when it arises. 67 C.J.S. Officers § 40 (1978);State v. Lexcen, 131 Mont. 161, 308 P.2d 974 (1957). Otherwise stated, an appointment to an office in anticipation of a vacancy in that office is proper only where the officer or body making the appointment is still in office when the vacancy occurs. Governor Earl, whose term continued to January 1987, could appoint for the residue of the term ending March 1, 1985, and could nominate for the full term ending March 1, 1991. The *Page 275 
senate which confirmed Commissioner Davis Gordon's appointment on May 24, 1984, however, was not "in office" when the vacancy for the term ending March 1, 1991, occurred. Because the senate which was in session on May 24, 1984, had no authority to appoint for a vacancy which would not occur until after the legislative session ended, its attempt to appoint was a nullity.
Under section 17.20 (2), a provisional appointee serves for the residue of the unexpired term "or until a successor is chosen and qualifies." Because her appointment to the term ending March 1, 1985, was valid, Commissioner Davis Gordon had a legal right to continue in office under the holdover clause. Because she had that right she is an officer de jure, and not de facto. State exrel. Thompson v. Gibson, 22 Wis.2d 275, 294, 125 N.W.2d 636
(1964); 35 Op. Att'y Gen. 447 (1946). Even if she were not a de jure, but only a de facto officer, however, any of her acts as commissioner were valid as to the public and third parties and cannot be attacked collaterally. State ex rel. Reynolds v. Smith,22 Wis.2d 516, 126 N.W.2d 215 (1964). All of Commissioner Davis Gordon's acts to this time are legally valid. Under section 17.20
(2) Commissioner Davis Gordon may continue to serve as a commissioner until a successor is chosen and qualifies, that is, until someone is nominated by the Governor, and with the advice and consent of the senate appointed, under section 15.06 (1).
DJH:AL *Page 276