[No. 32202-1-II.   Division Two.   November 15, 2005.]

ERIC CHRISTENSEN ET AL., *Appellants*, v. ATLANTIC RICHFIELD CO. ET AL., *Respondents*.

*Terry E. Lumsden* (of *Law Offices of Terry E. Lumsden*), for appellants.

*Kent M. Fandel* and *David M. Byers* (of *Graham & Dunn, P.C.*), for respondents.

¶1 ARMSTRONG, J. — Eric Christensen and others with property damage and personal injury claims against Atlantic Richfield Company (ARCO) appeal the trial court's denial of their motion to transfer their individual claims to arbitration under chapter 7.06 RCW and MAR 1.2. Because not all the claimants in the group waived their claims to money damages over $35,000, we affirm.

## FACTS

¶2 This is one of seven lawsuits filed against ARCO, alleging damages from the use of home heating oil ARCO supplied to consumers. The lawsuits, brought by 769 plaintiffs, were consolidated into one department of the Pierce County Superior Court.

¶3 The court decided to conduct jury trials of the claims of randomly selected plaintiffs. The first group of plaintiffs all settled before trial. The second group went to trial, resulting in a verdict for the defendants. In both of these groups, some plaintiffs moved for transfer to mandatory arbitration, and the trial court denied their motions. The decisions on arbitration were not separately appealed.

¶4 A third group of plaintiffs sought discretionary review of the trial court's refusal to order mandatory arbitration, but all the plaintiffs in this group settled with ARCO before we heard the appeal.

¶5 Eric Christensen and others are members of the fourth group of plaintiffs. Twenty-two of twenty-seven plaintiffs in the fourth group have waived their claim to damages in excess of $35,000. These 22 plaintiffs moved for transfer of their claims against ARCO to mandatory arbitration. The court denied their motion. Upon denial of the motion to transfer, some of these plaintiffs voluntarily dismissed their claims. The remaining plaintiffs appeal the denial of their motion to transfer (now the Christensen group).

## ANALYSIS

¶6 The Christensen group argues that because they waived damages in excess of $35,000, the trial court erred when it denied transfer of their claims to mandatory arbitration. In contrast, ARCO argues that the individual claims of the parties who waived damages exceeding $35,000 are not eligible for mandatory arbitration because not all plaintiffs to the action so waived.

██ ██ ¶7 The meaning of a statute is a question of law we review de novo. *Dep't of Labor & Indus. v. Gongyin*, 154 Wn.2d 38, 44, 109 P.3d 816 (2005) (citing *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 555, 14 P.3d 133 (2000)). Through statutory interpretation, we attempt to give effect to the legislature's intent and purpose. *Gongyin*, 154 Wn.2d at 44 (citing *Am. Cont'l*

*Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004)). To achieve this goal, we consider the statute as a whole, give effect to the statutory language, and compare related statutes. *See Gongyin*, 154 Wn.2d at 45 (citing *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)).

■ ■ ¶8 Similarly, we interpret mandatory arbitration rules consistently with their purpose. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001) (citing *State v. Wittenbarger*, 124 Wn.2d 467, 484, 880 P.2d 517 (1994)). We review a court's application of the mandatory arbitration rules de novo. *Rehak*, 143 Wn.2d at 343 (citing *Mee Soon Kim v. Pham*, 95 Wn. App. 439, 441, 975 P.2d 544 (1999)).

¶9 Under RCW 7.06.020(1),

> All civil actions, except for appeals from municipal or district courts, which are at issue in the superior court in counties which have authorized arbitration, where the sole relief sought is a money judgment, and where no party asserts a claim in excess of fifteen thousand dollars, or if approved by the superior court of a county by two-thirds or greater vote of the judges thereof, up to thirty-five thousand dollars, exclusive of interest and costs, are subject to mandatory arbitration.

¶10 Under MAR 1.2, a civil action is subject to arbitration if:

> (1) the action is subject to mandatory arbitration as provided in RCW 7.06, (2) all parties, for purposes of arbitration only, waive claims in excess of the amount authorized by RCW 7.06, exclusive of attorney fees, interest and costs, or (3) the parties have stipulated to arbitration pursuant to rule 8.1.

## 1. Action or Claim

■ ¶11 The Christensen group's individual claims are not subject to mandatory arbitration under RCW 7.06.020 and MAR 1.2. The group asserts, without citing authority, that the "key term" in RCW 7.06.020 is not "civil action[s]" or "party," but "claim." Thus, reasons the Christensen group, we should read the statute as if "claim[s]" are subject to mandatory arbitration, not "civil action[s]." Br. of Appel-

lants at 7. Under basic principles of grammar, however, "civil actions" is the subject of the sentence found at RCW 7-.06.020(1). *See* THE CHICAGO MANUAL OF STYLE § 5.23, at 151 (15th ed. 2003) (defining "subject" as the "actor or the person or thing about which an assertion is made in a clause"). "[A]re subject to mandatory arbitration" is the predicate phrase, which is the part of the sentence that contains a verb and makes an assertion about the subject. *See* The CHICAGO MANUAL OF STYLE § 5.23, at 151. In other words, it is the "action," not each individual claim, that is subject to mandatory arbitration. And under the plain language of the mandatory arbitration statute and rule, arbitration is mandatory when "all parties" to that action waive any claims in excess of $35,000. MAR 1.2; RCW 7.06.020. Here, not all parties have so waived.[1]

¶12 In addition, "action" means "judicial proceeding." BLACK'S LAW DICTIONARY 31 (8th ed. 2004). The Christensen group joined their claims to benefit from one judicial proceeding—one civil action to be decided by one judge. And the Christensen group does not dispute that they joined their claims under Washington Court Rule 20(a), which states in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action.

Joined under this rule, the plaintiffs in the Christensen group are parties to one action. That action is subject to mandatory arbitration only if all parties have waived their claims to damages in excess of $35,000. They have not.

---

[1] Unlike the Christensen group, neither RCW 7.06.020 nor MAR 1.2 conflate the terms "action" and "claim." Both statutes refer to "action" as the thing eligible for arbitration; implicit in the statutory language, an action comprises parties and claims (e.g., all of the parties to the action must have waived their claims to damages in excess of $35,000).

## 2. The Rights of Individual Plaintiffs

¶13 The Christensen group also argues that individual plaintiffs in multi-plaintiff lawsuits should not be denied the right to mandatory arbitration. It cites to practice books and cases to support their contention that each claim in a lawsuit is *individually* subject to mandatory arbitration. But none of these sources supports the Christensen group's position.

¶14 For example, the Christensen group cites the following language from the *Washington Practice Civil Procedure Handbook*:

> The word "claim" is not defined in chapter 7.06 or the MAR. It has been assumed, and the language of the statute seems to imply, that each separate claim of each party is considered individually in assessing arbitrability; there is no aggregation of claims.

15A Karl B. Tegland & Douglas J. Ende, Washington Practice: Civil Procedure Handbook, § 76.3, at 466 (2005). This source clarifies that "RCW 7.06.020 authorizes arbitration in cases where no party asserts 'a claim' in excess of the monetary threshold." 15A Tegland, *supra*, § 76.3, at 467. In other words, no one claim may exceed $35,000.

¶15 These passages mean that in an action, there may be many claims to damages that together might exceed $35,000. But it is not the damages in the aggregate that a court considers. It is each claim to damages that must not exceed $35,000. What these passages do not say is that each individual claim may be subject to arbitration even if other claims in the lawsuit exceed $35,000. To the contrary, Tegland remarks: "[I]f any individual claim exceeds the monetary threshold, the case will not be transferred to the mandatory arbitration calendar regardless of the existence of otherwise arbitrable claims." 15A Tegland, *supra*, § 76.3, at 463.[2]

---

[2] No plaintiff in the Christensen group moved to sever. Thus we do not decide whether these 22 plaintiffs' claims would have been arbitrable if they had so moved.

¶16 The order denying transfer to mandatory arbitration is affirmed.

HUNT, J., and MORGAN, J. PRO TEM., concur.