IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WILLIAM and DEBORAH TWITCHELL, | ) | No. 68472-8-I |
| | ) | |
| Appellants, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| MARY ANN B. KERRIGAN, | ) | |
| | ) | |
| Respondent. | ) | FILED: July 15, 2013 |

SCHINDLER, J. — A civil action is subject to mandatory arbitration if the sole relief

sought is a money judgment and no party asserts a claim over $50,000. William and

Deborah Twitchell filed a complaint for damages against Mary Ann B. Kerrigan. The

complaint alleges a cause of action for nuisance, negligence, trespass, and infliction of

emotional distress. In addition to a money judgment for damages, the complaint states

a request for a postjudgment warrant of abatement under RCW 7.48.020. William and

Deborah Twitchell contend the court erred in denying their motion to transfer the case to

mandatory arbitration unless they agreed to limit their total claims for damages to

$50,000 and dismiss with prejudice the request to file a postjudgment writ of abatement.

We hold that in determining whether a civil action is subject to arbitration under RCW

7.06.020 and the Mandatory Arbitration Rules (MAR), the court must consider whether

the claim of each party exceeds the monetary limit, and that a request to file a

postjudgment warrant of abatement under RCW 7.48.020 does not preclude mandatory arbitration. Because William and Deborah alleged separate claims for damages, and the determination of whether to issue a warrant of abatement is a postjudgment determination unrelated to the arbitration, we reverse and remand.

FACTS

In October 2009, William and Deborah Twitchell owned a 13-year-old Yorkshire Terrier named Two Little. Mary Ann B. Kerrigan owned a number of Rottweilers and lived next door to the Twitchells.

On October 12, two of Kerrigan's Rottweilers escaped from her yard and viciously attacked and killed Two Little. Deborah watched as the Rottweilers killed Two Little.

In 2010, Snohomish County Animal Control suspended Kerrigan's private kennel license. In response to a petition signed by a number of neighbors, in January 2011, Snohomish County Animal Control refused to renew the kennel license. Kerrigan and her dogs moved out of Snohomish County.

On February 22, 2011, William and Deborah Twitchell filed a complaint for damages against Kerrigan. William and Deborah alleged a cause of action for nuisance, negligence, trespass, and infliction of emotional distress. In the prayer for relief, William and Deborah sought a judgment against Kerrigan for economic damages "related to the intrinsic value of Two Little, loss of use of Two Little," burial costs, and "past and future medical bills related to distress suffered by Deborah Twitchell." In addition, William and Deborah Twitchell each sought "noneconomic damages, including emotional distress, loss of use, and loss of enjoyment of life." The prayer for relief also

2

states the intent to request to file a postjudgment warrant of abatement. Kerrigan filed an answer, and asserted as an affirmative defense that the company that constructed the fence and Snohomish County were at fault.

The Twitchells filed a motion to compel Kerrigan to answer interrogatories. Kerrigan filed a motion for a protective order. The court denied the motion for a protective order and granted the motion to compel. In her motion for reconsideration, Kerrigan states that her house in Snohomish County is in foreclosure and that she does not want to disclose where she and her dogs were currently living.

> While I reiterate my request for all the relief sought in the motion for protective order, I am most concerned with this Court's denial of my request that Plaintiffs be prohibited from obtaining discovery regarding information about locations, other than the subject property, where I or my dogs may be currently staying.
>
> . . . .
>
> . . . The County's closure of those licenses suggests to me that the County is attempting to create a situation where it could use the lack of licenses as a pretext to seize my dogs. Given that there is a law against interfering with the use of a service dog, I believe the County's actions toward me and my dogs are improper and discriminatory against me, and I request this Court to protect me from providing further information that could be used by the County.
>
> . . . I have no regular home beside my house that is next door to the Plaintiffs' house. Because the County, after receiving the petition from the Plaintiffs, refused to renew my private kennel license, I cannot, and do not, currently keep my dogs at that house. Further, due to the County's actions, I am not keeping my dogs in Snohomish County. As the dogs are not on the property or even in the County, I do not see the need for the Plaintiffs to have information about the places that myself and my dogs are staying.
>
> . . . Also, I ask that the Court reconsider the $1,500 in sanctions imposed against me. . . . I have expenses related to the care of my dogs, and my house (the one next door to the Plaintiffs' house) is currently in foreclosure.

The court denied Kerrigan's motion for reconsideration.

3

William and Deborah agreed to transfer the case to mandatory arbitration and waive the right to request damages beyond the monetary limit of $50,000 for each claim. Kerrigan refused to stipulate to mandatory arbitration. The Twitchells filed a motion to transfer the case to mandatory arbitration. William and Deborah asserted that the mandatory arbitration statute allowed each party to assert a claim for damages of $50,000, and that a request to file a motion for a postjudgment warrant of abatement did not preclude mandatory arbitration. The Twitchells also pointed out that there was no requirement to state a request to file a postjudgment motion for a warrant of abatement in the complaint. Nonetheless, the Twitchells agreed to amend the complaint and strike the request for a postjudgment warrant of abatement without prejudice. In the motion to transfer the case to mandatory arbitration, William and Deborah argued, in pertinent part:

> The Twitchells could have just as easily deleted Para. C in the *Prayer* of their *Amended Complaint*, seeking a "writ of abatement of nuisance," take the matter through to money judgment and, then, file a post-judgment motion for hearing on the warrant of abatement per RCW 7.48.020. No statute of limitations or any other defense would nullify the Twitchells' right to post-judgment relief in the form of a warrant of abatement even if they failed to request the writ in the complaint. Accordingly, Para. C is an unripe and superfluous red herring given that the remedy of an abatement warrant springs from entry of judgment. Prayer in a complaint is not a jurisdictional prerequisite. If the court nonetheless finds Para. C technically problematic, it can simply enter an order striking it from the *Amended Complaint* while expressly permitting the Twitchells to file a post-judgment motion.

The court entered an order denying the motion to transfer the case to mandatory arbitration unless "(1) the Plaintiffs' request for writ of abatement is dismissed with prejudice, and if (2) Plaintiffs limit their total arbitration claim to no more than $50,000."

4

ANALYSIS

The Twitchells contend the court erred in denying the motion to transfer the case to mandatory arbitration. William and Deborah assert (1) each party is entitled to assert a claim for damages up to the statutory limit of $50,000, and (2) the intent to file a postjudgment motion for a warrant of abatement does not preclude mandatory arbitration under RCW 7.06.020 and MAR.

RCW 7.06.020(1) provides, in pertinent part:

> All civil actions . . . where the sole relief sought is a money judgment, and where no party asserts a claim in excess of fifteen thousand dollars, or if approved by the superior court of a county by two-thirds or greater vote of the judges thereof, up to fifty thousand dollars, exclusive of interest and costs, are subject to mandatory arbitration.[1]

MAR 1.2 defines the matters subject to mandatory arbitration. MAR 1.2 states:

> A civil action, other than an appeal from a court of limited jurisdiction, is subject to arbitration under these rules if the action is at issue in a superior court in a county which has authorized mandatory arbitration under RCW 7.06, if (1) the action is subject to mandatory arbitration as provided in RCW 7.06, (2) all parties, for purposes of arbitration only, waive claims in excess of the amount authorized by RCW 7.06, exclusive of attorney fees, interest and costs, or (3) the parties have stipulated to arbitration pursuant to rule 8.1.

We review a court's application of the mandatory arbitration rules de novo. Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). Interpretation of a statute and court rule is a question of law that we also review de novo. Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997); Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our objective is to carry out the legislature's intent. Arborwood Idaho, L.L.C. v. City of Kennewick, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). In giving effect to the language of the statute, we must not render any portion

---

[1] (Emphases added.)

meaningless. Prison Legal News, Inc. v. Dep't of Corr., 154 Wn.2d 628, 644, 115 P.3d 316 (2005).

"[T]he court should assume that the legislature means exactly what it says. Plain words do not require construction." City of Kent v. Jenkins, 99 Wn. App. 287, 290, 992 P.2d 1045 (2000).[2] If a statute is unambiguous, the court's inquiry is at an end. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526-27, 243 P.3d 1283 (2010).

Claim for Damages

William and Deborah assert the court erred in ruling that the case was not subject to mandatory arbitration unless William and Deborah "limit their total arbitration claim to no more than $50,000." William and Deborah contend the mandatory arbitration statute authorizes each party in a civil action to assert a claim for the maximum arbitrable amount of $50,000. Kerrigan argues that the arbitration statute "cap[s] the total amount at issue in any one civil action to a maximum of $50,000."

RCW 7.06.020(1) states that all civil actions "where no party asserts a claim in excess of . . . [$50,000]" are subject to mandatory arbitration.[3] The mandatory arbitration statute does not define "action" or "claim." Where the legislature uses two different terms in the same statute, courts presume the legislature intends a different meaning for each term. Guillen v. Contreras, 169 Wn.2d 769, 776-77, 238 P.3d 1168 (2010); Simpson Inv. Co. v. Dept. of Revenue, 141 Wn.2d 139, 160, 3 P.3d 741 (2000) (stating it is well established that different words used in the same statute are presumed to have a different meaning attached to each word). We hold that under the mandatory

---

[2] (Internal quotation marks and citation omitted.)

[3] RCW 7.06.020(1) authorizes counties to increase the statutory amount of $15,000 to $50,000. Snohomish County increased the amount to $50,000. Snohomish County Local MAR 1.2 states, in pertinent part: "[A] claim is subject to mandatory arbitration only if it does not exceed fifty thousand dollars ($50,000), exclusive of attorney fees, interest and costs."

6

arbitration statute, each party is entitled to assert a claim for the statutory limit of $50,000.

We addressed the meaning of the terms "action" and "claim" in <u>Christensen v. Atlantic Richfield Co.</u>, 130 Wn. App. 341, 122 P.3d 937 (2005). In <u>Christensen</u>, a number of property owners sued Atlantic Richfield Company for damages. <u>Christensen</u>, 130 Wn. App. at 342. Twenty-two of the 27 plaintiffs each agreed to waive their claim for damages in excess of the maximum arbitration limit and filed a motion to transfer the case to mandatory arbitration. <u>Christensen</u>, 130 Wn. App. at 343. The superior court denied the motion. <u>Christensen</u>, 130 Wn. App. at 343. On appeal, the plaintiffs argued that because 22 of the 27 plaintiffs waived damages in excess of the maximum arbitrable amount, the court erred in denying the motion to transfer the case to mandatory arbitration. <u>Christensen</u>, 130 Wn. App. at 344.

The court in <u>Christensen</u> defined a civil "action" as a " 'judicial proceeding' " that allowed the plaintiffs to join their claims into one judicial proceeding. <u>Christensen</u>, 130 Wn. App. at 345 (quoting BLACK'S LAW DICTIONARY 31 (8th ed. 2004)). The court held that because "it is the 'action,' not each individual claim, that is subject to mandatory arbitration," under the plain language of the statute, arbitration is mandatory only if all parties to the action waive any claims for damages in excess of the statutory limit. <u>Christensen</u>, 130 Wn. App. at 345. The court concluded that while "in an action . . . there may be many claims to damages that together might exceed [the statutory amount,] . . . [i]t is each claim to damages that must not exceed [the statutory amount]." <u>Christensen</u>, 130 Wn. App. at 346; <u>see also</u> 15A Karl B. Tegland and Douglas J. Ende WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 76.3, at 466

(2005); M. Wayne Blair, Mandatory Arbitration in Wash., in Wash. State Bar Ass'n, Alternate Dispute Resolution Deskbook: Arbitration & Mediation in Wash. § 2.3(1)(b)(i), at 2-12 (2d ed. 1995).

> "The word 'claim' is not defined in chapter 7.06 [RCW] or the MAR. It has been assumed, and the language of the statute seems to imply, that each separate claim of each party is considered individually in assessing arbitrability; there is no aggregation of claims."

Christensen, 130 Wn. App. at 346 (quoting 15A Tegland WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 76.3, at 466).

We agree with the reasoning in Christensen and hold that under the plain language of the mandatory arbitration statute, each party is entitled to limit the amount claimed up to the maximum arbitrable amount of $50,000. Because William and Deborah each allege a separate claim for damages resulting from the death of their dog, we also reject Kerrigan's argument that because William and Deborah jointly owned the dog, the claims for damages should be treated as an aggregate claim for $100,000.

## Warrant of Abatement

William and Deborah contend the court erred in ruling the case was not subject to mandatory arbitration unless the request to file a motion for a postjudgment warrant of abatement was dismissed with prejudice. William and Deborah argue that the request to file a postjudgment motion for a warrant of abatement does not preclude mandatory arbitration. Kerrigan asserts that the case is not subject to mandatory arbitration under RCW 7.06.020 because the request is injunctive relief.

RCW 7.06.020(1) states that a civil action is subject to mandatory arbitration only if "the sole relief sought is a money judgment." There is no dispute the sole relief the

Twitchells seek in an arbitration is a money judgment. Although injunctive in nature, a motion to obtain a writ of abatement is a limited proceeding that is unrelated to mandatory arbitration and subject to entry of a judgment. RCW 7.48.020; Grundy v. Thurston County, 155 Wn.2d 1, 7, 117 P.3d 1089 (2005).

Under RCW 7.48.020, a property owner can file a motion for a writ of abatement if:

> [the] property is . . . injuriously affected or whose personal enjoyment is lessened by the nuisance. If judgment be given for the plaintiff in such action, he or she may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate and to deter or prevent the resumption of such nuisance. Such motion shall be allowed, of course, unless it appear on the hearing that the nuisance has ceased, or that such remedy is inadequate to abate or prevent the continuance of the nuisance, in which latter case the plaintiff may have the defendant enjoined.

The unambiguous language of the statute makes clear that entry of a final judgment in a nuisance action is a condition precedent to filing a motion for a warrant of abatement. The plain language of RCW 7.48.020 states that a party cannot file a motion for a warrant of abatement until after the party obtains judgment. Further, under MAR 6.3, only the prevailing party in an arbitration is entitled to entry of a judgment.[4]

The purpose of a warrant of abatement is to "deter or prevent the resumption" of the nuisance. RCW 7.48.020. Accordingly, the plain language of the statute requires the party filing a motion for a writ of abatement to establish that the nuisance has not ceased. RCW 7.48.020. The statute also clearly differentiates a warrant of abatement

---

[4] MAR 6.3 provides:
If within the 20-day period specified in rule 7.1(a) no party has properly sought a trial de novo, the prevailing party on notice as required by CR 54(f) shall present to the court a judgment on the award of arbitration for entry as the final judgment. A judgment so entered is subject to all provisions of law relating to judgments in civil actions, but it is not subject to appellate review and it may not be attacked or set aside except by a motion to vacate under CR 60.

9

from an injunction, stating that if a warrant of abatement is inadequate, "the plaintiff may have the defendant enjoined." RCW 7.48.020.

Kerrigan also argues that the request for entry of a postjudgment warrant of abatement is contrary to the purpose of mandatory arbitration and would result in unfair, piecemeal litigation. We disagree.

The primary purpose of mandatory arbitration is to alleviate court congestion and reduce the delay in hearing civil cases. Wiley, 143 Wn.2d at 344; Nevers, 133 Wn.2d at 815. "Mandatory arbitration is intended to provide a relatively expedient procedure to resolve claims where the plaintiff is willing to limit the amount claimed." Williams v. Tilaye, 174 Wn.2d 57, 63, 272 P.3d 235 (2012).

The statutory scope of a postjudgment motion to issue a warrant of abatement is limited. The plain language of the statute states that the party seeking the writ must show it is necessary to "deter or prevent the resumption of such nuisance," and no warrant should issue if the "nuisance has ceased." RCW 7.48.020. Further, as the Twitchells point out, there is no requirement to state the intent to file a postjudgment motion for a warrant of abatement in a cause of action for nuisance damages. The failure to assert a request for a writ of abatement would have no effect on a property owner's right to file a motion for a warrant of abatement after entry of a judgment in an arbitration. The court erred in requiring William and Deborah to dismiss with prejudice the request for a warrant of abatement in order to proceed to mandatory arbitration.

Because William and Deborah state separate claims for damages and each agreed to waive damages in excess of the maximum arbitrable amount, and the request to file a postjudgment writ of abatement is unrelated to the arbitration, we reverse and remand.

WE CONCUR: